# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**UNITED STATES OF AMERICA,**

  **Plaintiff,**

 v.

**RONALD A. MEADOWS,**

  **Defendant.**

Case No. 2:16-cr-92
JUDGE EDMUND A. SARGUS, JR.

## OPINION AND ORDER

Currently pending before the Court is Defendant Ronald A. Meadows' Motion for Order Reducing Sentence to Time Served Pursuant 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 43). The Government responded in opposition, (ECF No. 44), to which Mr. Meadows replied. (ECF No. 45). For the following reasons, Mr. Meadows' Motion (ECF No. 43) is **DENIED**.

**I.**

On March 16, 2017, Mr. Meadows pleaded guilty to three counts of possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g), two counts of possessing an unregistered machine gun in violation of 26 U.S.C. §§ 5841 and 5861(d), and one count of possessing with the intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(C). (*See* ECF Nos. 18, 30). This Court sentenced Mr. Meadows to 120 months of imprisonment followed by three years of supervised release. (ECF No. 40). Mr. Meadows is currently serving that sentence at FCI Gilmer in West Virginia. (Gov. Resp. at 7, ECF No. 44). According to Bureau of Prisons calculations, Mr. Meadows is set to be released on January 23, 2025, meaning just under 49 months remain in his sentence. (*Id.*). At this time, he has already served approximately 52 months of that sentence. (*Id.*).

Due to the COVID-19 pandemic and his medical conditions, Mr. Meadows asks the Court to modify his sentence to time served using its authority under 18 U.S.C. § 3582(c)(1)(A). (Def.'s Mot. at 1, ECF No. 43).

## II.

Since Congress passed the Sentencing Reform Act of 1984, federal law has authorized courts to reduce the sentences of federal prisoners with extraordinary health concerns and other hardships, but only under very limited circumstances. *See United States v. Ruffin*, 978 F.3d 1000, 2020 U.S. App. LEXIS 33689, at *8 (6th Cir. 2020); *see also* Pub. L. No. 98–473, ch. II(D) § 3582(c)(1)(A), 98 Stat. 1837 (1984). Prior to the passage of the First Step Act of 2018, a district court could grant compassionate release sentence reductions only upon motion by the Director of the Bureau of Prisons ("BOP"). *See id.*

On December 21, 2018, Section 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, modified 18 U.S.C. § 3582(c)(1)(A) to allow a sentencing court to reduce an imposed sentence. The statute provides:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendants' facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

As the Court of Appeals explained in *Ruffin*, the statute contains "three substantive requirements for granting relief." *Ruffin*, 2020 U.S. App. LEXIS 33689, at *9. First, the court must initially find that "extraordinary and compelling reasons warrant such a reduction." *Id.* (citing § 3582(c)(1)(A)). Second, before granting a reduced sentence, the Court must find "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at *11. But district courts may skip this second step and have "full discretion to define 'extraordinary and compelling' without consulting the policy statement U.S.S.G. § 1B1.13" when an incarcerated person files the motion for compassionate release, because § 1B1.13 is not an "applicable policy statement" when an incarcerated person files the motion. *United States v. Jones*, No. 20-3701, slip op. at 16 (6th Cir. Nov. 20, 2020). Third and finally, even if the Court finds that extraordinary and compelling reasons exist, the Court may not grant a release before considering the sentencing factors set forth in § 3553(a). *Ruffin*, 2020 U.S. App. LEXIS 33689, at *12. This last step gives the Court "substantial discretion" in deciding whether to reduce or modify a sentence. *Id.*

### III.

Mr. Meadows moves for a compassionate release. He argues that the Court has the authority to order such a release because he has met the 30-day waiting requirement, his release is justified by extraordinary and compelling reasons, and the sentencing factors weigh in favor of his release.[1] (Def.'s Mot. at 9, 12, ECF No. 43). Mr. Meadows, who is 50 years old, submits that he suffers from severe obesity, essential (primary) hypertension, and type-2 diabetes mellitus, and

---

[1] Mr. Meadows submits he requested compassionate release from his warden on October 10, 2020, (Def.'s Mot. at 2, ECF No. 43), though he appears to have meant August 10, 2020. (ECF No. 44-1). The warden denied his request on September 28, 2020. (ECF No. 44-1). Mr. Meadows waited to file the instant Motion until December 4, 2020. (ECF No. 43). The Government does not argue against Mr. Meadows' assertion that he has met the exhaustion requirement.

3

that these medical conditions substantially increase his risk of grave illness and death from COVID-19. (*Id.* at 2, 9–10). Mr. Meadows asserts that a reduction of his sentence would not diminish the seriousness of his offense, nor present a risk to the public. (*Id.* at 13). He observes that when including good time credit, he has already served over half of his sentence. (*Id.*) While serving that time he has worked to improve himself by completing drug education, earning his GED, and engaging in vocational training. (*Id.*).

The Government opposes the motion arguing, *inter alia*, that Mr. Meadows has not demonstrated he is eligible for release under § 3582(c)(1)(A), and that his release would present a danger to the community. (Gov. Resp. at 10, 15, ECF No. 44).

The Court will assume that extraordinary and compelling circumstances are present here, because the sentencing factors set forth in § 3553(a) counsel against Mr. Meadows' release. *See Ruffin*, 2020 U.S. App. LEXIS 33689, at *19 ("We have repeatedly recognized that district courts may deny relief under the § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief."); *see also United States v. McGuire*, 822 F. App'x 479, 480 (6th Cir. 2020) (affirming district court's denial of compassionate release based on the § 3553(a) factors even assuming that Defendant demonstrated extraordinary and compelling circumstances).

Before granting compassionate release, the Court is required to consider whether such release would comport with the § 3553(a) sentencing factors. § 3582(c)(1)(A). Those factors include the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

4

>> (B) to afford adequate deterrence to criminal conduct;
>
>> (C) to protect the public from further crimes of the defendant; and
>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

§ 3553(a). The Court considers the nature and circumstances of Mr. Meadows' offense, as well as his history and characteristics, first.

The nature and circumstances of Mr. Meadows' offense are alarming. Mr. Meadows admitted to possessing a number of firearms despite his status as a convicted felon, as well as two unregistered machine guns. (*See* ECF Nos. 18, 30). Mr. Meadows further admitted that he possessed heroin, with an intent to distribute it. (*See id.*). The Court looks dimly upon this conduct.

Mr. Meadows' history and characteristics are particularly relevant here, weighing heavily on both sides of the scale. On the one hand, Mr. Meadows' medical conditions would appear to make him particularly vulnerable to COVID-19. On the other hand, Mr. Meadows has a concerning criminal history. The State of Ohio has previously convicted him of burglary, drug abuse, burglary again, receipt of stolen property, and domestic violence twice. (Gov. Resp. at 6, ECF No. 44).

Informed by the foregoing, the Court next considers whether an early release would go against the need for the sentence to protect the public from future crimes by Mr. Meadows. § 3553(a)(2)(C). Mr. Meadows asserts that he is not a threat to the public because he has been appropriately punished and rehabilitated. (Def.'s Reply at 3, ECF No. 45). The Government believes that Mr. Meadows would present a risk to the public if released early and observes in support that many defendants who do well in prison revert to crime upon their release. (Gov. Resp. at 13–14, ECF No. 44). The Court is encouraged by Mr. Meadows' progress but agrees with the Government. Mr. Meadows' early release would come with a significant risk of future crimes, which goes against the need for the sentence to protect the public.

In light of the nature and circumstances of the offense, as well as Mr. Meadows' criminal history, the Court also finds that a reduced sentence would not reflect the seriousness of the offense or afford adequate deterrence. § 3553(a)(2)(A), (a)(2)(B).

Mr. Meadows fears that he will suffer dire consequences if he contracts COVID-19. (Def.'s Reply at 4, ECF No. 45). The Court is very mindful that Mr. Meadows' health conditions put him at a heightened vulnerability to COVID-19, and the Court has no desire to see such an ill befall him. The Court is also mindful, however, that the BOP continues to take steps to combat the spread of COVID-19. These steps do not count for nothing. Even so, this consideration does weigh in favor of Mr. Meadows' release.

In the final analysis, this case involves a clash of weighty considerations. On the one hand, Mr. Meadows appears to be particularly vulnerable to COVID-19. On the other hand, his early release would leave the goals of sentencing largely unsatisfied—particularly the goal of protecting the public. Upon balancing these considerations, the Court concludes that the heightened risk COVID-19 poses to Mr. Meadows is ultimately outweighed by the need to protect the public.

## IV.

For the reasons stated above, Defendant Ronald A. Meadows' Motion for Order Reducing Sentence to Time Served Pursuant 18 U.S.C. § 3582(c)(1)(A)(i), (ECF No. 43), is **DENIED**.

**IT IS SO ORDERED.**

**12/30/2020**　　　　　　　　　　　　　　　　**s/Edmund A. Sargus, Jr.**
**DATE**　　　　　　　　　　　　　　　　　　**EDMUND A. SARGUS, JR.**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**